IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEOMEDIA TECHNOLOGIES, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>v.<br><br>AIRCLIC INC., a Delaware corporation.<br>       Defendant. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

Plaintiff NeoMedia Technologies, Inc., by and through its attorneys, complains and alleges against AirClic Inc. (hereinafter "AirClic") as follows:

## PARTIES

1. Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") is an entity organized and existing under the laws of the State of Delaware and having a place of business at 2201 Second Street, Fort Myers, Florida 33901.

2. Defendant AirClic is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 411 South State Street, Newton, Pennsylvania 18940. NeoMedia is advised and believes, and on that basis alleges, that AirClic is registered to transact and, in fact, does transact business within the State of Pennsylvania and in this District, and has committed acts of patent infringement as hereinafter set forth within the State of Pennsylvania and in this District.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Laws of the United States, and more specifically, under Title 35, United States Code § 1 *et seq.*

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. §§ 271, 281, 283, 284 and 285. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

5. On August 3, 1999, United States Patent No. 5,933,829 ("the '829 patent"), entitled "Automatic Access of Electronic Information Through Secure Machine-Readable Codes on Printed Documents," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '829 patent is attached hereto as Exhibit A.

6. On November 2, 1999, United States Patent No. 5,978,773 ("the '773 patent"), entitled "System and Method For Using an Ordinary Article of Commerce to Access a Remote Computer," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '773 patent is attached hereto as Exhibit B.

7. On August 22, 2000, United States Patent No. 6,108,656 ("the '656 patent"), entitled "Automatic Access of Electronic Information Through Machine-Readable Codes on Printed Documents," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '656 patent" is attached hereto as Exhibit C.

8. On March 6, 2001, United States Patent No. 6,199,048 B1 ("the '048 patent"), entitled "System and Method For Automatic Access of A Remote Computer Over a Network," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '048 patent is attached hereto as Exhibit D.

9. The '829 patent, the '773 patent, the '656 patent, and the '048 patent (hereinafter collectively "the patents-in-suit") are valid and subsisting and are owned by NeoMedia.

## PATENT INFRINGEMENT

10. NeoMedia repeats and realleges each of the allegations of paragraphs 1 through 9 as if set forth fully herein.

11. AirClic has manufactured, or has had manufactured for it, and has used, or actively induced others to use, and has offered for sale and sold, technology that allows customers to use a built-in UPC bar code scanner to scan individual items and access information, such as advertiser services, dietitian services, market research services, and trade show services.

12. AirClic has infringed and is infringing, within this district and elsewhere within the United States, one or more claims of the patents-in-suit in violation of 35 U.S.C. § 271 through the manufacture, use, sale or offer for sale of products, systems and methods that infringe these patents. Infringement is direct, as well as contributory, and by actively inducing infringement by others.

13. AirClic had actual and constructive notice of the existence of the patents-in-suit, and despite such notice, failed to cease and desist its acts of infringement, and continues to engage in acts of infringement of the patents-in-suit. AirClic's continued acts of infringement has been, and will continue to be, wanton and willful.

14. AirClic's infringing activities have damaged and continue to damage NeoMedia. Upon information and belief, AirClic will continue to infringe upon the patents-in-suit causing harm to NeoMedia's business, market, reputation and goodwill unless AirClic's infringing activities complained of herein are preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff NeoMedia prays for relief against AirClic as follows:

A.  That U.S. Patent Nos. 5,933,829, 5,978,773, 6,108,656 and 6,199,048 be adjudged infringed by AirClic and that the infringement be held to be willful;

B.  That NeoMedia be awarded compensatory damages for past infringement by AirClic in an amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

C.  That AirClic, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with AirClic be preliminarily and permanently enjoined from further infringement of the patents-in-suit;

D.  That AirClic be ordered to deliver to NeoMedia for destruction all infringing products and systems in their possession;

E.  That this case be declared an exceptional case under 35 U.S.C. § 285, and that NeoMedia be awarded its attorney fees incurred in this action;

F.  For an award to NeoMedia of costs of this action, interest on the award and other charges to the maximum extent permitted; and

G.  For such other further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

NEOMEDIA TECHNOLOGIES, INC.

Date: 4/20/04

Michael H. Baniak
Jeffrey A. Pine
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360
(312) 673-0361 Facsimile

and

A. Christopher Young
Pepper Hamilton LLP
3000 Two Logan Square
Philadelphia, Pennsylvania 19103
(215) 981-4190
(215) 893-8301 Facsimile

Attorneys for Plaintiff
NeoMedia Technologies, Inc.